IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
NOV 03 2003
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ______ DEPUTY

| | | |
|---|---|---|
| CLARENDON AMERICA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>4 - STAR SECURITY, INC., and KATHRYN HALL,<br><br>Defendants. | ) | CASE NO.: CIV-1117-T |

## JOINT STATUS REPORT

Date of Conference: November 6, 2003

Appearing for Plaintiff:

James W. Dobbs, OBA#14495
CHUBBUCK SMITH RHODES STEWART & ELDER, P.L.L.C.
Robinson Renaissance
119 N. Robinson Avenue, Suite 820
Oklahoma City, OK 73102
(405) 236 - 8282; Fax: (405) 236 - 2828

Appearing for the Defendant Kathryn Hall:

Tye Smith, OBA #14595
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, Oklahoma 73159
(405) 691-1600; Fax: (405) 691-2128

JURY TRIAL DEMANDED By Defendant Hall NON JURY TRIAL ____

1. BRIEF PRELIMINARY STATEMENT. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

This is a declaratory judgment action regarding the insurance coverage provided by an insurance policy issued by Plaintiff Clarendon America Insurance Company to Defendant 4-Star Security, Inc. At issue is the insurance coverage provided for the claims being asserted in the

underlying action, *Hall v. 4-Star Security, Inc.*, CJ-2002-10282, District Court of Oklahoma County, Oklahoma. Clarendon contends that its insurance policy does not provide any coverage for, including a duty to defend, the claims being asserted against 4-Star Security, Inc. in the underlying action. Defendant 4-Star Security, Inc. does not wish to defend the claims in this action and has requested to entered into a stipulation agreeing to be bound by any insurance coverage determination in this action. Clarendon has prepared the requested stipulation for 4-Star but has not received the signed stipulation back from 4-Star. Defendant Kathryn Hall is the plaintiff in the underlying action and asserts that the Clarendon insurance policy provides insurance coverage for 4-Star Security, Inc. for the claims in the underlying action.

2. JURISDICTION. The basis on which the jurisdiction of the Court is invoked.

This action was removed from state court. Jurisdiction in this Court is based upon the diversity jurisdiction conferred by 28 U.S.C. §1332. The parties are citizens of different states, and the amount in controversy exceeds $75,000.

3. STIPULATED FACTS. List stipulations as to all facts that are not disputed or reasonably disputable including jurisdictional facts.

A. Clarendon issued a Commercial General Liability Policy, No. WR-004234-1, to 4-Star Security. The policy period was from January 9, 1999 through January 9, 2000.

B. In the underlying action, Kathryn Hall has sued 4-Star Security, Inc. alleging that 4-Star was negligent in providing professional security services and that such negligence caused her to be assaulted and battered resulting in personal injuries.

C. Venue is proper in this case.

4. LEGAL ISSUES. State separately, and by party, each disputed legal issue and the authority relied upon.

A. Plaintiff:

| Issue | Authority Relied Upon |
| --- | --- |
| 1. Whether the insurance coverage provided by the Clarendon policy provides coverage for the claims asserted in the underlying lawsuit. | |

B. Defendant:

| Issue | Authority Relied Upon |
| --- | --- |
| 1. In the policy ambiguous? | |
| 2. Is the policy illusory? | |
| 3. Does the policy violate public policy? | |
| 4. Does the policy violate the insured's reasonable expectations of coverage? | |

5. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

A. <u>Plaintiff</u>

i. Plaintiff seeks a declaratory judgment that its insurance policy does not provide coverage for the claims asserted in the underlying action.

B. <u>Defendant</u>

i. Defendant 4-Star Security, Inc. does not wish to defend the claims in this action and has requested to entered into a stipulation agreeing to be bound by any insurance coverage determination in this action. Clarendon has prepared the requested stipulation for 4-Star but has not received the signed stipulation back from 4-Star.

ii. Defendant Hall seeks a declaration of coverage for the claims asserted in the underlying action.

6. <u>MOTIONS PENDING AND/OR ANTICIPATED</u> (including date of filing, relief requested, and date responsive brief to be filed)

Both Plaintiff and Defendant Hall anticipate filing Motions for Summary Judgment.

7. EXHIBITS.

A. Plaintiff

| No | Title/Description | Obj. | F.R.Ev. |
|---|---|---|---|
| 1 | Insurance policy issued by Clarendon to 4-Star Security, Inc. | | |
| 2 | Petition in underlying action | | |
| 3 | Discovery responses in underlying action | | |

B. Defendant

| No | Title/Description | Obj. | F.R.Ev. |
|---|---|---|---|
| 1 | 4-Star Security, Inc.'s Application for Insurance | | |
| 2 | 4-Star Security, Inc.'s Underwriting File | | |

8. WITNESSES.

A. Plaintiff

Clarendon contends that the issue of the insurance coverage provided by the subject policy is a matter of law for the Court's determination. Clarendon anticipates filing a Motion for Summary Judgment based upon the insurance policy and the pleadings from the underlying case. No factual witnesses are thought to be necessary for the issues in this matter.

B. Defendant

| Name | Address | Proposed Testimony |
|---|---|---|
| Agent who issued policy | | Expectations and understandings of coverage sought and issued |
| President of 4-Star Security, Inc. | | Expectations and understandings of coverage sought and issued |

9. ESTIMATED TRIAL TIME: For liability _1 day__
For damages ________

Clarendon will file a Motion for Summary Judgment and contends that all issues can be addressed and decided upon by the Court from the written submissions of the parties.

10. BIFURCATION REQUESTED: Yes ___ No _X_ (Other than if and as required by statute if appropriate).

11. POSSIBILITY OF SETTLEMENT:

Good ____ Fair ____ Poor _X__ Unknown at this time.

12. SETTLEMENT AND ADR PROCEDURES:

A. Compliance with LCvR 16.3(c) ADR discussion: Yes _X__ No ___

B. The following early settlement, ADR or other dispute resolution process is selected:

_X_ Mediation
____ Early Neutral Evaluation
____ Non-Binding Arbitration: ___ Mandatory;
___ Consensual;
___ Certify Damages are over $100,000
___ Case not otherwise eligible for mandatory arbitration.
Please specify: ____________________________.
___ Other:

C. ____ "Cost reduction trial track." (If this "track" is selected prior to the Status/Scheduling Conference, only sections 1, 2, 12 and 26 are required . Counsel may include the other information, if counsel agree, as well as the agreement to adopt this "track."

D. If no selection is made, please state the reasons and be ready to discuss at the Status Conference. (An early Judicial Settlement Conference should only be considered when the prospects of a fruitful settlement exist.) ________________
______________________________________________________

13. PARTIES CONSENT TO TRIAL BY MAGISTRATE JUDGE: Yes ___ No _X_

14. MANAGEMENT PLAN REQUESTED: Standard _X_ Specialized ___

15. COMPLIANCE WITH LCvR 26.2: Yes _X_ No ___

Submitted this 3rd day of November, 2003.

James W. Dobbs, OBA #14995
CHUBBUCK SMITH RHODES STEWART
& ELDER, P.L.L.C.
119 N. Robinson Avenue, Suite 820
Oklahoma City, OK 73102
(405) 236-8282;236-2828 Fax
Attorneys for the Plaintiff
Clarendon America Insurance Company

Tye H. Smith, OBA# 14595
CARR & CARR
1350 S.W. 89th Street
Oklahoma City, Oklahoma 73159
(405) 291-1600; fax: (405) 291-2128
Attorneys for Defendant Kathryn Hall